# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. SVETE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOHN DOE, Warden,<br><br>　　　　Respondent. | Case No.: 1:14-cv-02091-JLT<br><br>FINDINGS AND RECOMMENDATIONS ORDER TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO CASE |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

Petitioner filed the instant federal petition on December 31, 2014, challenging his 2005 conviction in the United States District Court for the Northern District of Florida, for one count of conspiracy, five counts of mail fraud, three counts of interstate transportation of property obtained by fraud, and one count of conspiracy to launder money. (Doc. 1, p. 2). Petitioner was sentenced to an aggregate sentence of 200 months. (Id., p. 3). Petitioner pursued a direct appeal that was unsuccessful. (Id.). Subsequently, the United States Supreme Court decided U.S. v. Santos, 553 U.S. 507, 128 S.Ct. 2020 (2007), In 2014, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the sentencing court, contending that, pursuant to Santos, his

1

1 conviction was illegal.  (Id., p. 4).  That petition was denied.  (Id.).

2  Because the Court has determined that Petitioner's claim challenges his original sentence, and
3 therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, and
4 also because Petitioner does not qualify for the "savings clause" of § 2255, the Court will recommend
5 that the instant petition be dismissed.

6 **DISCUSSION**

7  A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v.
8 Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity
9 or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or
10 correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);
11 Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
12 Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court
13 has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal
14 conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.
15 Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United
16 States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

17  In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's
18 execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v.
19 Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir.
20 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925
21 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United
22 States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677
23 (9th Cir. 1990).

24  Thus, where, as here, a petitioner challenges the legality of his sentence, the proper vehicle for
25 challenging such a mistake is a motion to vacate, set aside, or correct the sentence pursuant to 28
26 U.S.C. § 2255, not a habeas corpus petition.  Nevertheless, a federal prisoner authorized to seek relief
27 under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is
28 "inadequate or ineffective to test the validity of his detention."  Hernandez v. Campbell, 204 F.3d 861,

2

864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255.  Ivy, 328 F.3d at 1060-1061.  That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim."  Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-61.

In Ivy, petitioner, who was convicted in 1993 in Missouri district court of engaging in a continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241 in the

3

District of Arizona, where he was confined, that he was actually innocent because the indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing criminal enterprise. Ivy, 328 F.3d at 1058. After an unsuccessful appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997, and 1999. Id. The original motion was denied on its merits, while the second and third motions were denied as second and successive motions. Id. In 2000, Ivy filed his federal habeas petition in the Arizona district court. Id. The district court, however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or ineffective. Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under 2255. He *must never have had* the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal enterprises had not changed subsequent to his conviction and that he had indeed had an opportunity to raise such a claim in the past. Id. at 1061.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). This Petitioner has failed to do. Petitioner asserts that his § 2255 petition was denied by the sentencing court because the 11th Circuit, within which the sentencing court lies, takes a "narrow interpretation" of Santos that "forecloses" Petitioner's argument. (Doc. 1, p. 4).[1] While that may indeed be the case, that reality provides no basis for invoking the "savings clause." Nothing in the federal jurisprudence suggests that an "unobstructed procedural shot" at raising a legal claim means that the claim, when ultimately presented to the district court, is going to be successful. It is simply a requirement that a petition cannot be forever excluded from pursuing a

---

[1] Santos held that, in cases involving a merger problem, the term "proceeds" in the money laundering statues must be construed to mean "net profits" rather than "gross receipts." Petitioner contends that, using this definition, he could not have been convicted of money laundering since the underlying illegal activity, i.e., transporting money over state lines, involves neither revenues nor profits. (Doc. 1, p. 4). Various federal circuits have interpreted Santos, which was a sharply divided plurality opinion, with varying degrees of liberality. The Ninth Circuit has basically followed the plurality decision, U.S. v. Moreland, 604 F.3d 1058 (9th Cir. 2010), while, according to Petitioner, the 11th Circuit has not.

challenge to his conviction via § 2241 where he has been foreclosed from raising that same claim via § 2255.

Petitioner, by his own admission, clearly had the opportunity to raise his Santos claim via § 2255.  That the claim was rejected based on 11th Circuit's reading of Santos does not in any way alter the fact that he had an unobstructed procedural shot.  Were that not the case, then a petitioner could waiting to file his § 2241 petition in until the Bureau of Prisons transferred him to a jurisdiction with a more lenient interpretation of federal law.  The savings clause, though, was not intended to give petitioners a chance to "forum shop" for a sympathetic court or to have multiple "bites at the apple" from different courts, but rather to insure that every petition had at least one chance to raise a legal claim.  Petitioner has had his chance. He is not entitled to a second. See Ivy, 328 F.3d at 1060.

Section 2255 motions must be heard in the sentencing court.  28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865.  Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition.  Hernandez, 204 F.3d at 864-865.  In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [2]

## ORDER

For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with a copy of this Findings and Recommendation, any party may file written

---

[2] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Northern District of Florida. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **January 8, 2015**                              /s/ Jennifer L. Thurston
                                                                             UNITED STATES MAGISTRATE JUDGE