# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. SVETE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOHN DOE, Warden,<br><br>　　　　Respondent. | Case No.: 1:14-cv-02091-LJO-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME (Doc. 8)<br><br>ORDER DENYING MOTION FOR STAY (Doc. 10)<br><br>ORDER GRANTING PETITIONER'S MOTION TO NAME PROPER RESPONDENT (Doc. 6)<br><br>ORDER DIRECTING CLERK OF THE COURT TO SUBSTITUTE "WARDEN, FCI LOMPOC" FOR "JOHN DOE" AS RESPONDENT |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

　　　　The instant petition was filed on December 31, 2014. (Doc. 1). On January 8, 2015, the Magistrate Judge issued Findings and Recommendations to dismiss the petition pursuant to 28 U.S.C. 2255. (Doc. 5). Those Findings and Recommendations gave each party 21 days within which to file objections. (Doc. 5). On January 22, 2015, Petitioner filed a motion for extension of time to file his objections. (Doc. 8). For reasons that are unclear, the Court never ruled on the motion. On January

20, 2015, Petitioner filed his motion for stay of proceedings until he has access to his legal files and the prison law library. (Doc. 10). On January 22, 2015, Petitioner filed a motion to substitute the name of Craig Apker in place of "John Doe." (Doc. 6).

## DISCUSSION

A. <u>Motion for Stay</u>.

Petitioner has requested a stay of proceedings until he has access to his legal files and access to the prison law library. (Doc. 10, p. 9). Access to the law library and a prisoner's files are conditions of confinement under the control of the Bureau of Prisons ("BOP"). Because Petitioner has filed a habeas petition to initiate this action, this Court's jurisdiction is limited to consideration of the legal claims raised in his habeas petition and not to conditions of confinement in the BOP's prison system. The BOP has its own grievance procedures for complaints by prisoners regarding prison conditions. Petitioner should pursue any complaints through that process and not attempt to utilize this Court to manipulate the BOP.

Moreover, stays are authorized in habeas cases to permit state prisoners the opportunity to exhaust claims in state court that have not been exhausted. The Court is unaware of any authority permitting a federal habeas court to sua sponte delay proceedings pursuant to a stay because of conditions of confinement of the petitioner. Moreover, the fact that Petitioner has managed to file three separate motions, each with supporting arguments, as evidenced herein, shows that access to the law library and his files is not a prerequisite for litigating his claims. Accordingly, the motion will be denied.

B. <u>Motion to Substitute Respondent</u>.

At the time the petition was filed, Petitioner was confined at Taft Correctional Institution, which lies within this Court's jurisdiction. However, he has apparently been transferred to Federal Correctional Institution, Lompoc, California, whose warden Petitioner believes is warden is Craig Apker. The Court was unable to verify that Apker is the current warden. Accordingly, the Court will direct the Clerk of the Court to substitute "Warden, FCI Lompoc" for "John Doe."

## ORDER

GOOD CAUSE having been show, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for extension of time (Doc. 8), is **GRANTED**. Petitioner has thirty days from the date of service of this order within which to file his objections to the Findings and Recommendations. **No further extensions will be granted except upon a showing of extraordinary circumstances beyond Petitioner's control. Lack of access to a prison law library is not an extraordinary circumstance.**

2. Petitioner's motion for stay of proceedings (Doc. 10), is **DENIED**.

3. Petitioner's motion to substitute the name of the current warden as the proper Respondent (Doc. 6), is **GRANTED**.

4. The Clerk of the Court is **DIRECTED** to substitute "Warden, FCI Lompoc" for "John Doe" as the proper Respondent.

IT IS SO ORDERED.

Dated:   **March 19, 2015**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE